UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON, | No. 2:15-cv-02698-KJM-EFB |
| Plaintiff, | |
| v. | ORDER |
| 4885 GRANITE, LLC et al., | |
| Defendants. | |

On December 30, 2015, plaintiff Scott Johnson brought suit against defendants Wen Zhi Deng, Cheng Fa Fang, Yan An Liang, Ying Feng Xu, and Rai Rocklin Investments, LLC (Rai Rocklin). *See generally* ECF No. 1. Plaintiff alleges defendants violated the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, and the Unruh Civil Rights Act, California Civil Code sections 51–53. *Id.* All defendants other than Rai Rocklin have appeared. Plaintiff has tried unsuccessfully to effect service on defendant Rai Rocklin on several different occasions. *See* Application, ECF No. 19 at 2–3. On June 16, 2016, plaintiff filed the pending ex parte application seeking to effect service by delivering by hand a copy of the summons and the Complaint to the Office of the California Secretary of State as provided by California Corporations Code section 17701.16(c), formerly section 17061(c)(1). Plaintiff and defendants who have appeared in this action all have requested in their status report of June 17,

1

2016, ECF No. 20, an additional ninety (90) days to allow for their application for alternate service to be decided, for service on the California Secretary of State's office, and for Rai Rocklin to respond to the complaint and participate in settlement.  As explained below, plaintiff's application and the parties' request for an additional stay of ninety days both are GRANTED.

California Corporations Code section 17701.16(c) permits service on limited liability companies by hand-delivery to the California Secretary of State of a copy of the process papers, together with a court order authorizing such service.  A court may enter an order authorizing such service "if the designated agent [for the LLC] cannot with reasonable diligence be found at the address designated for personal delivery of the process, and it is shown by affidavit to the satisfaction of the court that process against a limited liability company or foreign limited liability company cannot be served with reasonable diligence upon the designated agent. . . ." Cal. Corp. Code § 17701.16(c).  The court interprets "reasonable diligence" in section 17701.16(c) to require the same efforts to serve by other means as California Code of Civil Procedure section 415.50.

In determining whether a plaintiff has exercised "reasonable diligence" for purposes of section 415.50, a court must examine the affidavit presented to see whether the plaintiff "took those steps a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (1978); *see also Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (1995) ("The term 'reasonable diligence' . . . denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney.").  Because of due process concerns, service under section 415.50 must be allowed "only as a last resort." *Id.*; *see also Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (discussing due process and notice to a party).  "'Before allowing a plaintiff to resort to service by [section 415.50], the courts necessarily require him to show exhaustive attempts to locate the defendant, for it is generally recognized that service by publication rarely results in actual notice.'" *Watts*, 10 Cal. 4th at 749.  The fact that a plaintiff has taken one or a few reasonable steps does not necessarily mean that "all myriad . . . avenues" have been properly exhausted to warrant service by [section 415.50]. *Donel*, 87 Cal. App. 3d at 333.

1        Here, the California Secretary of State website listed the agent for service of
2 process of Rai Rocklin as Leela C. Rai.  Exhibit 1, ECF No. 19-3.  The address for the agent is
3 listed as 1880 Franklin Road, Yuba City, California 95993.  *Id.*  Plaintiff's counsel directed a
4 registered process server to serve the summons and the Complaint on Leela C. Rai at the Yuba
5 City address.  Potter Decl. ¶ 3, ECF No. 19-1.  Plaintiff also directed a registered process server
6 to serve the summons and the Complaint for defendants at the business itself and another possible
7 service address of 1415 South George Washington Boulevard, Yuba City, California 95993.
8 Exhibit 2, ECF No. 19-4.  There was no answer on the first attempt at service on April 15, 2016[1]
9 at 1415 S. George Washington.  *Id.*  On the second attempt on the same day, a man who identified
10 himself as the brother of Leela C. Rai advised the server that Ms. Rai had passed away.  *Id.*  The
11 process server further avers that records of the Sutter County Clerk's office show Leela C. Rai
12 had passed away on April 3, 2015.  *Id.*  On April 21, 2016, plaintiff made another attempt to serve
13 Rai Rocklin, this time at 1880 Franklin Road in Yuba City.  The residents of 1880 Franklin Road
14 refused to accept service, stating they did not know Leela C. Rai.  *Id.*  Plaintiff searched the State
15 Board of Equalization, Fictitious Business Name filings, property records, corporate filings, and
16 address listings, but failed to locate alternative service addresses for Rai Rocklin Investments,
17 LLC, or its agent for service.  *Id.* ¶ 5; *see also* Application at 4.

18        In sum, after learning of the death of Rai Rocklin's agent for service, plaintiff
19 persisted and consulted myriad other sources to locate a new agent for service.  Plaintiff has
20 adequately demonstrated that process cannot be served on Rai Rocklin with reasonable diligence,
21 given Leela C. Rai's death and the lack of designation of a new agent.  Accordingly, the court is
22 satisfied that plaintiff is entitled to effect service by delivering by hand a copy of the summons
23 and the Complaint to the Office of the California Secretary of State as provided by California
24 Corporations Code section 17701.16(c).

---

[1] The affidavit of service recorded April 15, 2015 as the first attempt at service, ECF No. 19-4.  The court presumes the correct date is April 15, 2016, given that plaintiff's complaint was filed December 30, 2015 and the summons was issued that day, ECF Nos. 1, 2.

1  Accordingly, plaintiff's application to effect service on Rai Rocklin through
2  service on the California Secretary of the State and the parties' request to extend the stay for an
3  additional ninety days both are GRANTED.
4  IT IS SO ORDERED.
5  DATED: June 28, 2016.

_____
UNITED STATES DISTRICT JUDGE