UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT JOHNSON,

    Plaintiff,

v.

RAI ROCKLIN INVESTMENTS, LLC, a California limited liability company; WEN ZHI DENG; CHENG FA FANG; YAN AN LIANG; YING FENG XU; and DOES 1-10,

    Defendants.

No. 2:15-CV-02698-KJM-EFB

ORDER

Plaintiff Scott Johnson sues former owners of Wok-on-Fire restaurant in Rocklin, California over a public restroom that did not comply with the Americans with Disabilities Act ("ADA"). He seeks injunctive relief under the ADA and damages under the Unruh Civil Rights Act, Cal. Civ. Code § 52(a). The restaurant has changed ownership several times since plaintiff visited and plaintiff has not named the current owner in this suit. The former restaurant owners move to dismiss the ADA claim against them as moot and argue the court should decline supplemental jurisdiction over the Unruh Act claim. Defs.' Mot., ECF No. 43. Plaintiff opposes. Pl.'s Opp'n, ECF No. 44. As explained below, the court GRANTS the motion IN PART.

1

I.  BACKGROUND

Plaintiff alleges that when he visited Wok-on-Fire in February, March and April 2015, he encountered several ADA violations in the restroom, including a missing "accessibility" sign; height issues with the sink, mirror and soap dispenser; unwrapped plumbing under the sink; and misplaced toilet seat covers. First Am. Compl. ("FAC"), ECF No. 16, ¶¶ 21-60.

He now sues the property owner and four former restaurant owners for injunctive relief under the ADA and damages under the Unruh Civil Rights Act. *See generally id*. at 13. Defendant Rai Rocklin Investments, LLC, the owner of the property on which the restaurant is located, never appeared or responded to this lawsuit, so the court entered default against it. Clerk's Entry of Default, ECF No. 26 (Sept. 28, 2016). Plaintiff has not moved for default judgment against Rai Rocklin under Federal Rule of Civil Procedure 55(b). The former restaurant owners are the only active defendants. Defendants Wen Zhi Deng and Cheng Fa Fang ("Deng/Fang") owned the restaurant in early 2015 when plaintiff encountered the alleged ADA violations. FAC ¶¶ 1-11. Defendants Yan An Liang and Ying Feng Xu ("Liang/Xu") bought the restaurant in August 2015, four months before plaintiff filed this lawsuit, and then sold it a year later to a party not named in this suit. Deng Decl. ¶ 3, ECF No. 43-1; Liang Decl. ¶ 3, ECF No. 43-2.

Deng/Fang and Liang/Xu ask the court to dismiss the ADA claim as moot against them because they no longer own the restaurant, and also ask the court to decline supplemental jurisdiction over the state claim. Defs.' Mot. at 3-5. Plaintiff concedes the mootness issue and argues only for supplemental jurisdiction over the state claim. Opp'n at 2-4. As discussed below, the court dismisses the ADA claim but retains jurisdiction over the state claim.

II.  MOOTNESS

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The court lacks subject matter jurisdiction if the controversy is moot. *See North Carolina v. Rice*, 404 U.S. 244, 246 (1971). "'[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *County of L.A. v. Davis*, 440 U.S. 625, 631 (1979) (quoting

*Powell v. McCormack*, 395 U.S. 486, 496 (1969)). "The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." *Nw. Envtl. Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244 (9th Cir. 1988).

An ADA claim for injunctive relief is moot if the premise complained of closes down with no plans to reopen or if the defendant no longer owns or controls the challenged premises. *See, e.g.*, *Kohler v. Southland Foods*, Inc., 459 F. App'x 617, 619 (9th Cir. 2011) (affirming ADA claim was moot where defendant closed restaurant); *Johnson v. Lake Tahoe Partners*, 2014 WL 2548830, at *3 (E.D. Cal. June 5, 2014) (ADA claim moot when restaurant unconditionally vacated premises and permanently closed restaurant); *Steelman v. Hoch*, No. 12-79, 2012 WL 4513864, at *1 (E.D. Mo. Oct. 1, 2012) (ADA claim moot where defendant was selling premises and restaurant tenant no longer in business).

Plaintiff's ADA claim for injunctive relief against defendants Deng/Feng and Liang/Xu is moot because they no longer own or control Wok-on-Fire. Plaintiff concedes as much in his opposition. Opp'n at 2 ("Given that the former business operator defendants have divested themselves of any continuing connection to the Wok-on-Fire . . . the federal ADA claim is moot with respect to those defendants.").

Because none of these four defendants controls the restaurant currently, the court cannot grant plaintiff's requested injunctive relief against them; the ADA claim against them is thus moot. Plaintiff neither requests leave to amend nor argues any facts that might support an amendment. Accordingly, the court DISMISSES the ADA claim against Deng/Fang and Liang/Xu, with prejudice.

III. <u>SUPPLEMENTAL JURISDICTION</u>

Though plaintiff concedes his ADA claim is moot against the four individual defendants, he contends his ADA claim is still alive as to property owner Rai Rocklin and, therefore, asks the court to retain supplemental jurisdiction over his Unruh Act damages claim against the four individuals.

When a district court has original jurisdiction over a case it also acquires supplemental jurisdiction over factually related state claims. 28 U.S.C. § 1367(a) ("the district

3

courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy"). But when the court has dismissed all remaining federal claims, it may properly refuse supplemental jurisdiction over the related state claims. 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if— the district court has dismissed all claims over which it has original jurisdiction"); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (citation omitted) ("[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.") (citation and internal footnote omitted).

Here, the court has power to decide this case based on its original jurisdiction over plaintiff's ADA claim and supplemental jurisdiction over his Unruh Act claim. Defendants argue that because no active ADA claim remains, the court should decline supplemental jurisdiction over the state-law claim. Mot. at 5. But plaintiff's ADA claim against property owner Rai Rocklin persists, with the entry of default last year. *See* Fed. R. Civ. P. 54(b). Rule 54(b) provides that a court may order a final default judgment against "less than all of the parties" only after an express determination that "there is no just reason for delay." *Id*. Without the entry of default judgment, entering default "does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." *Id.* Plaintiff's ADA claim against Rai Rocklin is still before the court.

As a result, the court retains supplemental jurisdiction over the Unruh Act claim. Exercising jurisdiction over defendants Deng/Fang and Liang/Xu as to the state claim, even though they are no longer defending a federal claim, is constitutional under the "pendent party jurisdiction" doctrine, given that state law claim is part of the same case or controversy as framed by the federal claim. *Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163, 1174 (9th Cir. 2002).

The court DENIES defendants' motion to dismiss the state-law claim, without prejudice.

4

IV. CONCLUSION

The court GRANTS defendants Deng/Fang and Liang/Xu's motion to dismiss plaintiff's ADA claim, with prejudice, but DENIES their motion to dismiss plaintiff's state claim.

Notwithstanding the adherence of federal jurisdiction based on a single claim, that claim is made against a defendant who has not appeared for more than a year and against whom default has been entered. Accordingly, plaintiff shall either move for default judgment against defendant Rai Rocklin before the assigned magistrate judge or show cause why this court should not dismiss Rai Rocklin and then dismiss the pendant state law claim so that it may be adjudicated in state court. *See* E.D. Cal. L.R. 302(c)(19) (motions for entry of default are "dut[y] to be performed by magistrate judges.") Plaintiff's response or motion for a default judgment must be filed within fourteen days of this order.

IT IS SO ORDERED.

This order resolves ECF No. 43.

DATED: August 8, 2017.

_____
UNITED STATES DISTRICT JUDGE