UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>RAI ROCKLIN INVESTMENTS, LLC, a California limited liability company; WEN ZHI DENG; CHENG FA FANG; YAN AN LIANG; YING FENG XU; and DOES 1-10,<br><br>    Defendants. | No. 2:15-cv-2698-KJM-EFB<br><br>FINDINGS AND RECOMMENDATIONS |

This case was before the court on September 27, 2017, on plaintiff's motion for default judgment against defendant Rai Rocklin Investments, LLC ("Rai Rocklin").[1] ECF No. 47. Attorney Dennis Price appeared on behalf of plaintiff.[2] Defendant Rai Rocklin failed to appear. For the reasons stated below, it is recommended that plaintiff's motion be granted.

/////

/////

/////

---

[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(19). *See* 28 U.S.C. § 636(b)(1).

[2] Mr. Price appeared at the hearing by telephone.

1

I.  Background

Plaintiff initiated this action on December 30, 2015, ECF No. 1, and subsequently filed a first amended complaint, alleging violations of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12101, *et seq.*, and the California Unruh Civil Rights Act ("Unruh Act") against defendants Rai Rocklin, Wen Zhi Deng, Cheng Fa Fang, Yan An Liang, and Ying Feng Xu. ECF No. 16.[3] The complaint seeks injunctive relief, attorneys' fees and costs, and damages under the Unruh Act. *Id.* at 13.

On June 28, 2016, the court granted plaintiff's application to effect service on Rai Rocklin by serving a copy of the summons and complaint on the California Secretary of State. ECF No. 21; *see* Cal. Corp. Code. § 17701.16(c) (permitting a court to authorize service on an LLC by delivery of service documents to the California Secretary of State). On July 11, 2016, plaintiff served defendant Rai Rocklin by delivering a copy of the summons and first amended complaint to the California Secretary of State. ECF No. 22. After Rai Rocklin failed to timely respond to the amended complaint, plaintiff requested entry of Rai Rocklin's default, which the clerk entered on September 28, 2016. ECF Nos. 25, 26. Plaintiff now moves for default judgment against Rai Rocklin. ECF No. 47. His motion seeks $12,000 in monetary damages under the Unruh Act, based upon three visits to the subject property, as well as injunctive relief and attorneys' fees and costs. ECF No. 47-1 at 12, 14-16.

According to the amended complaint, plaintiff is a quadriplegic and uses a wheelchair for mobility. First Am. Compl. (ECF No. 16 ¶ 1). Defendant Rai Rocklin is the owner of real property located at 4789 Granite Drive, Rocklin, California ("subject property"). *Id.* ¶ 3. Located on the subject property is a restaurant named Wok, which is a business establishment and place of public accommodation.[4] *Id.* ¶ 18. The unisex bathroom at Wok is not accessible to persons with

---

[3] The original complaint was brought against the former owner of the subject property, 4885 Granite, LLC, as well as the individual defendants named in the first amended complaint. ECF No. 1. The first amended complaint substituted Rai Rocklin, the current property owner, in place of 4885 Granite, LLC. ECF No. 16.

[4] The complaint suggests, but does not explicitly allege, that a business named Wok operated at the subject property. *Id.* ¶¶ 2-14. However, evidence submitted in support of the

2

disabilities. *Id.* ¶ 20. In February, March, and April 2015, plaintiff visited the business and encountered several architectural barriers. Plaintiff further alleges that these barriers are currently in place. *Id.* ¶¶ 51-60.

II. <u>Discussion</u>

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. *See* Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986)). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." *Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting *PepsiCo, Inc. v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

As a general rule, once default is entered, the factual allegations of the complaint are taken as true, except for those allegations relating to damages. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citations omitted). Although well-pleaded allegations in the complaint are admitted by defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). A party's default conclusively

---

motion for default judgment establishes that Wok is a restaurant located at the subject property. ECF No. 47-6 ¶ 3.

establishes that party's liability, although it does not establish the amount of damages. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (stating that although a default established liability, it did not establish the extent of the damages).

    A.  <u>Americans with Disabilities Act</u>

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Discrimination includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." *Id*. § 12182(b)(2)(A)(iv). Under the ADA, the term readily achievable means "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9).

"To prevail on a Title III discrimination claim, the plaintiff must show that (1)[he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). Further, "[t]o succeed on a ADA claim of discrimination on account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable." *Parr v. L & L Drive–Inn Rest.*, 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000).

Here, the first amended complaint alleges that plaintiff is an individual with a disability, defendant Rai Rocklin is the owner of the subject property, and that Ria Rocklin denied plaintiff public accommodation because of his disability. Plaintiff also alleges discrimination based on a lack of accessible restroom due to the following architectural barriers that are not in compliance with the Americans with Disabilities Act Accessibility Guidelines: there are no international symbols of accessibility (§ 703.7.2.1); the door hardware is traditional that required tight grasping and twisting of the wrist to operate (§ 309.4 and § 404.2.7); the sink apron is lower than 29 inches

(§ 4.19.2 and § 606.2); sink faucet hardware is traditional knob style that required tight grasping or twisting of the wrist to operate (§ 4.24.7 and § 4.27.4); plumbing underneath the sink is not wrapped to protect against burning contact (§ 4.19.4 and § 606.5); the mirror is mounted so that bottom edge is higher than 40 inches above the floor (§ 4.19.6 and § 603.3); disposable toilet seat cover dispenser is not located on the wide wall, below the grab bar and within 7-12 inches of the front edge of the toilet seat (§ 604.7); the highest operable part of the paper towel dispenser is greater than 54 inches above the floor (§ 4.22.7 and § 4.27); the soap dispenser is mounted behind the sink and higher than 46 inches above the floor (§ 4.2.6 & § 308.3.2); and there is less than 18 inches of clear floor space around the toilet due to placement of a waste basket, stool, and planter. ECF No. 16 ¶¶ 21-50, 61-64. Plaintiff further alleges that the barriers could be removed without much difficulty or expense, *id*. ¶ 67, and that defendant has the means and ability to remove the barriers. *Id*. ¶ 68.

Thus, plaintiff sufficiently alleges a Title III discrimination claim. Accordingly, the merits of plaintiff's substantive claim and the sufficiency of the complaint weigh in favor of default as to plaintiff's ADA claim.

Furthermore, many of the remaining *Eitel* factors weigh in favor of granting plaintiff's application for default judgment. Rai Rocklin was served a copy of the summons and complaint, but has failed to appear and defend against plaintiff's claims. ECF No. 22. Thus, it appears that Rai Rocklin's failure to respond is not due to excusable neglect. The sum of money at stake is relatively small and, when accepting plaintiff's allegations as true, there is little possibility of a dispute concerning material facts. *See, e.g., Elektra Entm't Group Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."); *accord Philip Morris USA, Inc., 219 F.R.D. at 500*; *PepsiCo, Inc*., 238 F.Supp.2d at 1177. Furthermore, plaintiff would potentially face prejudice if the court did not enter default judgment as Rai Rocklin has failed to respond to plaintiff's claims. Although there is a strong policy in deciding cases on the merits, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or

1 | defend itself in an action. *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177; *see Craigslist, Inc. v. Naturemarket, Inc.*, 2010 WL 807446, at *16 (N.D. Cal. Mar. 5, 2010); *ACS Recovery Servs., Inc. v. Kaplan*, 2010 WL 144816, at *7 (N.D. Cal. Jan. 11, 2010); *Hartung v. J.D. Byrider, Inc.*, 2009 WL 1876690, at *5 (E.D. Cal. June 26, 2009).

Accordingly, plaintiff is entitled to default judgment on his ADA claim against defendant Rai Rocklin.

B. Unruh Civil Rights Act

The Unruh Civil Rights Act provides: "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). To prevail on his disability discrimination claim under the Unruh Civil Rights Act, plaintiff must establish that (1) he was denied the full and equal accommodations, advantages, facilities, privileges, or services in a business establishment; (2) his disability was a motivating factor for this denial; (3) defendants denied plaintiff the full and equal accommodations, advantages, facilities, privileges, or services; and (4) defendants' wrongful conduct caused plaintiff to suffer injury, damage, loss or harm. Cal. Civil Jury Instructions (BAJI), No. 7.92 (Fall 2009 Revision). Additionally, any violation of the ADA necessarily constitutes a violation of the Unruh Civil Rights Act. Cal. Civ. Code § 51(f); *see also Munson v. Del Taco, Inc.*, 46 Cal.4th 661, 664 (2009).

Plaintiff's Unruh Act claim is based on defendant's alleged violation of the ADA. ECF No. 16 ¶ 100 ("Because the defendants violated the plaintiff's rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages."). As explained above, plaintiff has established that Rai Rocklin violated the ADA by having an inaccessible restroom. Accordingly, plaintiff is also entitled to default judgment on his Unruh Act claim.

/////
/////
/////

C. Attorney's Fees and Costs

Plaintiff also requests attorney's fees and costs. ECF No. 47-1 at 15-16. Specifically, plaintiff requests $15,425 in attorneys' fees based on 54.2 hours of work performed by 6 attorneys, plus costs in the amount of $805. *See* ECF No. 47-3.

In determining the reasonableness of attorney's fees, the Ninth Circuit uses the lodestar method. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). In applying the lodestar method, "a district court must start by determining how many hours were reasonably expended on the litigation, and then multiply those hours by the prevailing local rate for an attorney of the skill required to perform the litigation." *Id*.

The billing statement submitted by plaintiff does not allow for the court to determine whether the request is reasonable. The statement, rather than identifying the particular task performed by each attorney, merely provides the number of hours worked by each attorney. ECF No. 47-3. In his declaration, attorney Mark Potter states that he did the following tasks: "(1) discussed the case with the client and developed the intake notes; (2) conducted a preliminary site inspection of the real property to comply with my Rule 11 obligations; (3) conducted research of public records to determine the identities of the business owner and owner of the real property; (4) drafted the Complaint; (5) drafted the amended complaint; (6) reviewed and executed the Request for Entry of Default; (7) Reviewed and drafted a number of other documents and motions; (8) and drafted this application for default judgment and my supporting declaration." ECF No. 47-5 ¶5. He does not, however, explain how much time was spent performing each task. He also fails to explain what work was performed by the other five attorneys. Moreover, his claim that he "reviewed and drafted a number of other documents and motions" is unreasonably vague and does not allow for the court to determine whether the performance of the task was reasonable. Thus, the court is not able to determine whether the number of hours spent is reasonable.

Local Rule provide that motions for awards of attorney's fees and costs shall be filed not later than 28 days after the entry of final judgment. *See* E.D. Cal. L.R. 292, 293. Rule 293 further requires a party seeking an award of attorney's fees to submit an affidavit addressing

certain criteria that the court will consider in determining whether an award of attorney's fees is appropriate. *See* E.D. Cal. L.R. 293(b) and (c). The local rules also provide that "[w]ithin fourteen (14) days after entry of judgment or under which costs may be claimed, the prevailing party may serve on all other parties and file a bill of costs conforming to 28 U.S.C. § 1924." E.D. Cal. L.R. 292. Under 28 U.S.C. § 1924, a party claiming any item of cost must submit a bill of costs and attach thereto an affidavit demonstrating that the "item is correct and has been necessarily incurred in the case . . . ."

As plaintiff has failed to provide sufficient information to demonstrate that his fee request is reasonable, the request must be denied. Plaintiff's requests for attorney's fees and costs should be addressed by an appropriate motion filed in conformance with Local Rule 292 and 293.

III. Conclusion

For the reasons state above, it is hereby RECOMMENDED that:

1. Plaintiff's application for default judgment (ECF No. 47) be granted.

2. Plaintiff be awarded statutory damages in the amount of $12,000.

3. Plaintiff be granted an injunction requiring defendant Rai Rocklin to provide an accessible restroom in compliance with the Americans with Disabilities Act Accessibility Guidelines.

4. Plaintiff's request for cost and attorneys' fees be denied without prejudice to filing a motion in compliance with Local Rules 292 and 293.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

/////
/////
/////
/////

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan,* 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 28, 2018.

                     /s/ Edmund F. Brennan
                     EDMUND F. BRENNAN
                     UNITED STATES MAGISTRATE JUDGE