UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT JOHNSON,

Plaintiff,

v.

WEN ZHI DENG, et al.,

Defendants.

No. 2:15-cv-02698-KJM-EFB

ORDER

In this case brought under the Americans with Disabilities Act (ADA), with related claims, the court previously adopted the magistrate judge's findings and recommendations and granted plaintiff's motion for entry of default judgment against defendant Rai Rocklin Investments, LLC. Concomitantly, the court awarded plaintiff statutory damages in the amount of $12,000 and granted plaintiff an injunction requiring Rai Rocklin to provide an accessible restroom in compliance with the Americans with Disabilities Act Accessibility Guidelines (ADAAG). Order, ECF No. 52; *see* ECF No. 51 (findings and recommendations). In that same order, the court denied plaintiff's request for costs and attorneys' fees, without prejudice to plaintiff's refiling in compliance with Local Rules 292 and 293. ECF No. 52 at 2. Plaintiff's renewed motion for attorneys' fees is now before the court. Fees Mot., ECF No. 54-1. Two of the four remaining defendants, Wen Zhi Deng and Cheng Fa Fang, have filed a statement of non-opposition. ECF No. 57 ("So long as Plaintiff seeks an attorney fee award against Defendant Rai Rocklin Investments,

/////

1

1 | LLC only, these Defendants have no opposition to the motion."). The other two remaining
2 | defendants, Yan An Liang and Ying Feng Xu, filed no response.

Plaintiff also has moved for partial summary judgment of his remaining California Unruh Civil Rights Act claims against the defendants remaining in this action, namely Deng, Fang, Yan An Lian and Ying Feng Xu. Mot., ECF No. 55. Defendants Deng and Fang opposed, Opp'n, ECF No. 56, and plaintiff filed a reply, Reply, ECF No. 59.

I. MOTION FOR ATTORNEYS' FEES & COSTS

In the court's discretion, a prevailing party in an ADA case may recover reasonable attorneys' fees and costs. 42 U.S.C. § 12205. The California Unruh Civil Rights Act also permits a prevailing party to recover attorneys' fees. Cal. Civ. Code § 52(a). Courts use the lodestar method to assess the reasonableness of attorneys' fees. *Antoninetti v. Chipotle Mexican Grill, Inc.*, 643 F.3d 1165, 1176 (9th Cir. 2010). Under the lodestar method, fees are calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate. *Id.* In its lodestar assessment, the court excludes hours not reasonably expended because they are "excessive, redundant, or otherwise unnecessary." *See Jankey v. Poop Deck*, 537 F.3d 1122, 1132 (9th Cir. 2008) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The court may also make an upward or downward adjustment to the fee calculation to provide reasonable compensation. *See Blum v. Stenson*, 465 U.S. 886, 898–901 (1984); *Hensley*, 461 U.S. at 434 n.9.

A. Reasonable Hourly Rates

In assessing applications for attorneys' fees, the court calculates the reasonable hourly rate according to the prevailing market rates in the relevant legal community. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) ("We have held that '[i]n determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.'") (quoting *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210–11 (9th Cir. 1986)). The relevant legal community is generally the forum district, with local hourly rates derived from rates for similar work by attorneys and paralegals of similar experience, skill and reputation. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205–06 (9th Cir. 2013).

Plaintiff identifies six attorneys who have worked on the default judgment matter for which he seeks fees. Plaintiff's counsel Mark Potter seeks $350 per hour, noting more than 95 percent of his practice is devoted to disability issues and representing that "[h]is expertise and experience with ADA cases is almost unparalleled in California." Fees Mot. at 7;[1] Potter Decl., ECF No. 54-3 ¶ 5. Phyl Grace, who has been practicing law for 22 years and during the last decade has focused exclusively on disability access litigation, requests $300 per hour. Fees Mot. at 7; Potter Decl. ¶ 6. Mary Melton, who has been practicing law, though not disability rights law, for 24 years, seeks $300 per hour. Fees Mot. at 7–8; Potter Decl. ¶ 7. Dennis Price, who has litigated disability rights cases since 2012, seeks $250 per hour. Fees Mot. at 8; Potter Decl. ¶ 8. Sara Gunderson has litigated disability rights cases for the last two years and seeks $200 per hour. Fees Mot. at 8; Potter Decl. ¶ 9. Finally, Elliott Montgomery, who appears to be relatively new to disabilities rights law, also seeks $200 per hour. Fees Mot. at 8–9; Potter Decl. ¶ 10.

Regarding hourly rates, in addressing similar cases, courts in this district have found the prevailing market rate for a partner with Mr. Potter's experience is $300 per hour while a $250 rate is appropriate for senior attorneys and rates of $150 to $200 per hour are appropriate for associate attorneys. *See, e.g.*, *Johnson v. Hey Now Properties, LLC*, No. 216CV02931WBSKJN, 2019 WL 586753, at *3 (E.D. Cal. Feb. 13, 2019); *Johnson v. Akins*, No. 216CV02067MCEKJN, 2018 WL 1763228, at *2-3 (E.D. Cal. Apr. 12, 2018) (reviewing cases and finding $300 appropriate for Potter and $200 appropriate for Grace). This court finds the rates outlined in *Hey Now Properties* are the appropriate, prevailing rates in this district and will award Mr. Potter $300 per hour, Ms. Grace $250, Ms. Melton $250 per hour, and Mr. Price, Ms. Gunderson and Mr. Montgomery $150 per hour.

B. <u>Hours Reasonably Expended</u>

Plaintiff as the movant has the burden of establishing the reasonable number of hours expended. *Hensley*, 461 U.S. at 437. The court considers whether "hours claimed . . . are excessive, redundant or otherwise unnecessary," *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d

---

[1] All citations to the parties' briefs refer to ECF page numbers, not the briefs' internal pagination.

1041, 1047 (9th Cir. 2000), and, in the absence of adequate documentation supporting the number of hours expended on the lawsuit, "the district court may reduce the award accordingly," *Hensley*, 461 U.S. at 433.

Plaintiff seeks $22,295.00 for 68.8 hours of work in this matter. Fees Mot. at 13, 20; Billing Statements, ECF No. 54-4. This is a significant fee request for a default judgment, and the vast majority of the amount requested owes to counsel's hours spent litigating this case against the non-defaulted defendants. Plaintiff argues he should recover fees for that time because:

> While this is a judgment derived from a default judgment . . . This is not a standard default judgment. This matter had active defendants in the matter [sic] which Plaintiff was required to resolve this matter with and expend necessary fees and costs for which Defendant Rocklin is responsible for as that work is not severable from the efforts that were required to obtain the judgment against him [sic].

Fees Mot. at 14. Plaintiff provides no authority for this position. The court notes it is not yet clear whether plaintiff will prevail on his claims against the remaining defendants and thus it remains unclear whether plaintiff will be able ultimately to recover all the fees identified here. *See McCown v. City of Fontana*, 565 F.3d 1097, 1103 (9th Cir. 2009) (plaintiff cannot recover attorneys' fees for unsuccessful claims unrelated to successful claims unless all claims arise from common core facts and related legal theories, in which case court considers significance of plaintiff's overall relief obtained). Moreover, although plaintiff previously agreed his ADA claims against the remaining defendants should be dismissed as moot, plaintiff indicates he intends to litigate his Unruh Act claim against these defendants and presumably intends to recover the fees identified here, as well as fees yet to be incurred, should he prevail. *See* ECF No. 55 (pending motion for summary judgment against remaining defendants). Plaintiff provides no justification for the court's prematurely awarding these additional fees when it is not yet able to determine plaintiff's ultimate level of success. At this stage, the record does not support holding Rocklin responsible for fees attributable to plaintiff's litigation against the remaining defendants, or setting up the potential that plaintiff could seek to recover these fees twice should he prevail on the Unruh Act claims against the remaining defendants. *Cf. Uriarte-Limon v. Leyva*, No. EDCV16194JGBKKX, 2017 WL 5665016, at *5 (C.D. Cal. June 30, 2017) (plaintiff not entitled to recover based on "hours he spent

litigating his claims against . . . a defendant in this case who settled his claims with Plaintiff before trial"); *Pension Tr. Fund for Operating Engineers v. Kickin Enterprises*, No. C-11-03685 JCS, 2012 WL 6711557, at *9 (N.D. Cal. Dec. 20, 2012), *report and recommendation adopted*, No. C-11-3685 EMC, 2013 WL 12173603 (N.D. Cal. Feb. 14, 2013) (finding unreasonable plaintiffs' request for counsel's hours billed for previously dismissed defendant, even where remaining defendant against whom default judgment was entered was allegedly sole shareholder of dismissed defendant).

Accordingly, as to Mr. Potter's hours, the court deducts the following hours attributable to litigation against the non-defaulting defendants:

| Date | Task | Hours | Citation |
|---|---|---|---|
| 1/28/2016 | instructed assistant to send default warning letters to defendants Deng and Fang | 0.2 | Billing Statements at 2. |
| 2/3/2016 | checked military deployment status of defendants Deng and Fang | 0.8 | *Id.* |
| 2/18/2015 | reviewed and analyzed Answer Filed by Defendants Deng and Fang; updated case notes | 0.7 | *Id.* |
| 4/21/2016 | reviewed initial disclosures of defs. Deng and Fang; updated case notes | 0.2 | *Id.* at 3. |
| 11/2/2016 | reviewed email from court's Admin Assistant re VDRP neutral mediator assigned to case; instructed staff to respond consenting to the appointment[2] | 0.2 | *Id.* |
| 11/10/2016 | reviewed letter re appointment of mediator | 0.2 | *Id.* |
| 11/29/2016 | reviewed email from mediator re mediation date and instructed assistant to respond | 0.2 | *Id.* |
| 11/30/2016 | reviewed email from mediator to staff re mediation date; instructed staff to notify client | 0.2 | *Id.* |
| 12/12/2016 | instructed assistant to respond to defense counsel with proposed mediation dates | 0.2 | *Id.* |
| 12/28/2016 | instructed staff to follow up with mediation re new mediation date; instructed staff to notify client re new mediation note | 0.2 | *Id.* |
| 2/10/2017 | drafted mediation brief and instructed staff to submit | 1 | *Id.* |
| 2/14/2017 | reviewed defs. Deng and Fang's mediation statement | 0.2 | *Id.* |

---

[2] Because the court referred this matter to its Voluntary Dispute Resolution Panel only after the individual defendants had appeared and Rocklin had defaulted, the fees associated with VDRP are fairly attributed to litigation against the remaining defendants.

| Date | Task | Hours | Citation |
|---|---|---|---|
| 2/15/2017 | reviewed Defs. Xu and Liang's mediation statement; updated case notes | 0.3 | *Id.* |
| 2/17/2016 | instructed staff to send reminder to client re mediation | 0.1 | *Id.* |
| 2/21/2016 | drafted plaintiff's mediation brief; instructed staff to submit | 1 | *Id.* |
| 2/28/2017 | reviewed notice of completion of VDRP | 0.1 | *Id.* |
| 3/30/2017 | reviewed defense counsel's request to appear telephonically | 0.1 | *Id.* |
| 4/5/2017 | reviewed defense counsel's request to appear telephonically for status conference | 0.1 | *Id.* |
| 5/5/2017 | reviewed and analyzed Answer Filed by Defendants Liang and Xu; updated case notes | 0.5 | *Id.* |
| 6/7/2017 | reviewed defendants' motion to dismiss complaint; notes to file | 0.4 | *Id.* |
| 6/29/2017 | drafted plaintiff's opposition to Defs' motion to dismiss complaint | 1 | *Id.* |
| 7/12/2017 | reviewed order vacating hearing of Defs' motion to dismiss | 0.1 | *Id.* |
| 8/10/2017 | reviewed court's order dismissing plaintiff's ADA claim and denying motion to dismiss complaint | 0.2 | *Id.* at 4. |

Further, the court notes Mr. Potter estimated eight hours to review the opposition brief, draft the reply brief and attend oral argument with respect to the motion for attorneys' fees. Billing Statement at 4. As noted, however, defendants Deng and Fang filed a statement of non-opposition, ECF No. 57, plaintiff did not file a reply, and the court did not hold oral argument. *See* ECF No. 58. The court therefore disregards plaintiff's eight-hour estimate. Taking account of all the above deductions, Mr. Potter spent 17.2[3] litigating this case as to the defaulted defendant.

As to Ms. Grace, her billing statement includes almost exclusively entries for time spent discussing this case with defense counsel. By definition, the defaulted defendant never appeared and thus never had counsel with whom Ms. Grace could speak. The court therefore finds Ms. Grace presents recoverable hours only for the following entries:

| Date | Task | Hours | Citation |
|---|---|---|---|
| 9/27/2016 | drafted request for entry of default of Def. Rai Rocklin; instructed staff to file | 0.3 | Billing Statements at 6. |
| 11/10/2017 | email to defense counsel re no ruling from the court on motion for default judgment | 0.1 | Billing Statements at 7. |
| 11/10/2017 | phone conference with defense counsel re no ruling on motion for default judgment | 0.2 | Billing Statements at 7. |

---

[3] 33.4 (hours claimed) – 8.2 (court reductions identified in table) – 8 hours (reviewing opposition, drafting reply and attending hearing) = 17.2 hours.

6

1 | Accordingly, 0.6 hours of Mr. Grace's time is recoverable here.

Ms. Melton's billing statement includes only a 0.1 hour entry fairly attributable to the defaulted defendant. *See id.* at 8 ("2/22/2017 instructed staff to file Notice of Appearance"). Mr. Price includes 1.2 such hours. *See id.* at 9 ("9/26/2017 drafted Request for telephonic appearance for motion for default judgment hearing; instructed assistant to file" and "9/27/2017 Prepared for and telephonically appeared at Motion for default judgment against Rai Rocklin Investments, LLC hearing"). Each entry on Mr. Montgomery's time sheet pertains only to communications and activities concerning the non-defaulting defendants and therefore his time should not be billed against the defaulting defendant. *See id.* at 11–12.

In light of the above analysis, the court will award fees as follows:

| Attorney | Rate | Hours | Total |
|---|---|---|---|
| Mark Potter | $300 | 17.2 | $5,160 |
| Phyl Grace | $250 | 0.6 | $150 |
| Mary Melton | $250 | 0.1 | $25 |
| Dennis Price | $150 | 1.2 | $180 |
| Sara Gunderson | $150 | 0.4 | $60 |
| Elliott Montgomery | $150 | 0 | $0 |
| Totals | | **19.5 hours** | **$5,575** |

These figures are consistent with the recoverable hours and fees typical in ADA default judgment cases. *See, e.g.*, *Johnson v. Waterloo Enterprises, Inc.*, No. 2:16-CV-711-MCE-KJN, 2017 WL 5608110, at *5 (E.D. Cal. Nov. 21, 2017) (awarding $3,240.00 in fees for 10.8 hours obtaining default judgment against lone defendant); *Johnson v. Patel*, No. 2:15-CV-02298-MCE-EFB, 2017 WL 999462, at *3 (E.D. Cal. Mar. 15, 2017) (awarding $2,640.00 in fees for 8.8 hours work in obtaining default judgment). Plaintiff does not argue for any alternate to the lodestar method as a means of calculating fees, and the court therefore need not consider any other approach. *See* Fees Mot. at 14.

/////

C.   Costs

"Both the Unruh Act and the ADA authorize a prevailing plaintiff to recover . . . costs." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1016 (C.D. Cal. 2014) (citing 42 U.S.C. § 12205; Cal. Civ. Code § 52(a)). A prevailing party may recover out-of-pocket expenses that counsel normally charges fee-paying clients. *Dang v. Cross*, 422 F.3d 800, 814 (9th Cir. 2005). The requested costs must be reasonable in amount. *Harris v. Marhoefer*, 24 F.3d 16, 20 (9th Cir. 1994).

Plaintiff seeks $805 in costs. These costs include service costs ($205), filing fees ($400) and investigation costs ($200). Fees Mot. at 18; Potter Decl. ¶ 4. This request is modest and is unopposed; the court grants the request.

D.   Conclusion

Plaintiff is entitled to $6,380[4] in fees and costs.

II.  MOTION FOR SUMMARY JUDGMENT

The court previously dismissed plaintiff's ADA claims against the four individual defendants in this action, with plaintiff's agreeing that, because those individuals no longer own the restaurant at issue, the ADA claims against them were moot. *See* Prior Order, ECF No. 46. In resolving that motion, the court rejected the individual defendants' argument that the court should decline to exercise supplemental jurisdiction over the California Unruh Act claims pending against them. *See id.* at 3–5. Because plaintiff's ADA claim against Rai Rocklin remained live, the court retained jurisdiction over the state law claims but instructed plaintiff to "either move for default judgment against defendant Rai Rocklin before the assigned magistrate judge or show cause why this court should not dismiss Rai Rocklin and then dismiss the pendant state law claim so that it may be adjudicated in state court." *Id.* at 4–5.

As discussed above, plaintiff has since obtained default judgment against Rai Rocklin. Thus, the only live claims before this court are the state law claims against the remaining individual defendants. As noted, plaintiff has moved for summary judgment on those claims and,

---

[4] $5,575 in fees + $805 in costs = $6,380.

8

in opposition, defendants Deng and Fang renew their request that the court decline to exercise supplemental jurisdiction.[5]

When the claim over which the court has original jurisdiction is dismissed or otherwise eliminated, a federal court has discretion to remand or dismiss the remaining state claims. 28 U.S.C. § 1367(c)(3). "When the balance of . . . [relevant] factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (citations omitted). Indeed, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* at 350 n.7 (citations omitted); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) ("The Supreme Court has stated, and we have often repeated, that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state-law claims.'"). Continuing to assert federal jurisdiction over purely state law claims is less compelling when the federal claim is eliminated at an early stage of the litigation, as here. *Carnegie-Mellon*, 484 U.S. at 351 ("When the single federal-law claim in the action was eliminated at an early stage of the litigation, the District Court had a powerful reason to choose not to continue to exercise jurisdiction.").

Here, the federal claims in this case have been eliminated. Only state law claims remain. Relying heavily on cases in which federal claims remained pending before the federal court, plaintiff urges this court to retain jurisdiction because "[t]he two violations (of the ADA and Unruh) are entirely intertwined" and he should not be "[f]orc[ed] . . . to litigate two nearly identical cases in separate venues." Reply at 3–5. But there is no live federal claim here and thus no risk plaintiff will be required to pursue his federal action in federal court and his state action in state

---

[5] Although the four individual defendants jointly submitted the motion to dismiss, ECF No. 43, only defendants Deng and Fang oppose summary judgment.

9

court simultaneously.  Moreover, although the case was filed in 2015, the court's involvement thus far has been relatively modest.  The parties explored settlement for more than a year, *see* ECF No. 12 (Feb. 17, 2016 minute order directing parties to discuss settlement); ECF No. 30 (March 2, 2017 minute order setting a pretrial scheduling conference after VDRP was unsuccessful), and, to date, the court has only resolved a motion to effect service and defendants' motion to dismiss, approved of default judgment and now awarded related attorneys' fees against Rai Rocklin.  Under similar circumstances, courts have declined to exercise supplemental jurisdiction over remaining state law claims.  *See, e.g.*, *Barnes v. Marriott Hotel Servs., Inc.*, No. 15-CV-01409-HRL, 2017 WL 635474, at *13 (N.D. Cal. Feb. 16, 2017) (resolving motion for summary judgment on ADA claim and declining to exercise supplemental jurisdiction over remaining state law claims); *Johnson v. Compton*, No. 216CV02961JAMCKD, 2018 WL 3203125, at *2 (E.D. Cal. June 28, 2018) (same); *Moore v. Saniefar*, No. 1:14-CV-01067-SKO, 2017 WL 1179407, at *10 (E.D. Cal. Mar. 29, 2017) (same).  Guided by precedent and values of economy, convenience, fairness and comity, the court declines to exercise jurisdiction over the remaining state law claims.  *See Zochlinski v. Regents of Univ. of California*, 538 F. App'x. 783, 784 (9th Cir. 2013) ("The district court properly declined to exercise supplemental jurisdiction over Zochlinski's state law claims after dismissing his federal claims.").

Accordingly, the court DISMISSES Johnson's Unruh Act claims without prejudice to refiling in state court.

IT IS SO ORDERED.

DATED: March 6, 2019.

_____
UNITED STATES DISTRICT JUDGE